IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOROUGH OF LANSDALE, PENNSYLVANIA, ET AL. | : CIVIL ACTION : : |
| vs. | : : |
| PP&L, INC., ET AL. | : NO. 02-8012 |

MEMORANDUM - ORDER

YOHN, J.                                                                                                            JULY         , 2005

      Plaintiffs in this action are fourteen municipalities located in the Commonwealth of Pennsylvania, which own and operate electric distribution systems within their respective boroughs. Defendants are PP&L Corporation and its assorted subsidiaries, which own and operate various facets of an electric power system and, in particular, supply electric power to the plaintiffs.

      Plaintiffs have filed a wide-ranging complaint alleging that the defendants acted to monopolize by increasing the wholesale prices for power available to the boroughs and decreasing the retail rates for retail customers. Plaintiffs allege violations of the Sherman Act, Clayton Act and a Settlement Agreement affirmed and approved by the Federal Energy Regulatory Commission. They seek treble damages for violations of the anti-trust laws and damages for breach of the Settlement Agreement, totaling millions of dollars.

      After oral argument on defendants' motion for Rule 37 sanctions held December 16, 2004, the court issued its order of December 17, 2004 which directed plaintiffs' counsel to designate the person or persons for each of the fourteen municipal plaintiffs to testify as to matters known or reasonably available to each of the boroughs with respect to each of the four topics specified in defendants' Rule 30(b)(6) notice of deposition. Because of the prior tactics of plaintiffs' counsel during the course of discovery and, in particular, with reference to prior depositions, plaintiffs'

counsel were directed to pay the cost of the court reporter for the renewed depositions, one copy of the transcript of each deposition and defendants' reasonable counsel fees for one lawyer for the renewed depositions at an hourly rate of no more than $300.00.

Defendants eventually agreed that the prior deposition of the witness for the Borough of Lansdale, F. Lee Mangan, was sufficient for that municipality but that they would need Rule 30(b)(6) depositions of a representative of each of the other thirteen municipalities.

The thirteen renewed depositions were taken and defendants' counsel submitted its bill to plaintiffs' counsel in the amount of $57,892.94. Plaintiffs filed objections to the legal fees and costs incurred in connection with the depositions, to which defendants filed a response and both parties thereafter filed numerous other documents which the court has considered.

The depositions were taken by Christopher Oatway, Esquire and Claire G. Kunstling, Esquire. The billing rate for Oatway was his normal rate of $310.00 per hour less a 10% discount of $31.00 or $279.00 per hour. The billing rate of Kunstling is in the amount of $280.00 per hour less the 10% discount or $252.00 per hour. Both rates are approved as reasonable and within the court's guideline.

With reference to the number of hours expended, the Oatway and Kunstling declarations set forth the care which they both took to differentiate the cost of the renewed depositions from all other aspects of the litigation and to keep those costs at as low a level as possible. There is no evidence that Oatway and Kunstling did not bill their time conservatively or conduct the depositions as efficiently as possible. Prior to the renewed depositions, but after the initial depositions, plaintiffs produced 9,939 pages of additional documents, all of which required review before the renewed depositions. On the day before the first renewed deposition, plaintiffs

submitted amended interrogatory responses which required additional review and then inquiry at the depositions.

Oatway and Kunstling devoted 12.1 and 13.6 hours per deposition, respectively. Because the additional time for Kunstling was presumably due to her need to be brought "up to speed" with reference to the questions to be asked at the depositions, I will consider 12 hours per deposition (including preparation for and taking of the deposition) as the reasonable time expended since it was the decision of defense counsel not to have one attorney conduct all of the depositions.

Although the court finds nothing unreasonable about the hours billed for the preparation for and the taking of the thirteen depositions, in terms of imposing a sanction upon plaintiffs' counsel, the court will reduce the number of hours to reflect the fact that some of these hours would have been required in any event had the witnesses been properly prepared prior to the first deposition and had the documents been submitted to defendants' counsel prior to the first deposition.  The sanctions amount will, therefore, be reduced to 8 hours per deposition or $20,088.00 for the time of Oatway and $8,064.00 for the time of Kunstling.  The court could well have ordered plaintiffs' counsel to pay the full amount requested by defendants' counsel, but has chosen not to do so knowing that plaintiffs' counsel do not have the financial resources of a Covington & Burling. However, it is also plaintiffs' counsel that brought this action on behalf of fourteen plaintiffs seeking millions of dollars of compensation from defendants.  It is also plaintiffs' counsel's conduct which has resulted in multiple discovery disputes in this action and which have undoubtedly caused very substantial additional costs to the defendants because of the difficulty which defendants' counsel have had in obtaining relevant and complete discovery from plaintiffs so that defendants can understand the factual and legal basis for plaintiffs' claims and defend them.

Defendants' counsel also seek approval for paralegal costs in the amount of $2,840.00. The court approves the use of a paralegal by the defendants, as that is now a customary practice among law firms and resulted in a lower cost to plaintiffs' counsel because otherwise the same work would have had to have been done by an attorney at a higher billing rate.

The cost of the court reporter and transcripts in the amount of $6,437.20 is not disputed.

Defendants have also submitted additional costs for travel and duplication. Defendants offered to hold the depositions in Washington, DC where their office is located in order to eliminate travel costs, but plaintiffs' counsel declined. Why plaintiffs' counsel, located in Anapolis, MD, found it more convenient to hold the depositions in Philadelphia than in Washington is somewhat of a mystery to the court. However, because my original order did not include the expenses of travel, I will not impose them upon plaintiffs' counsel in this order. Likewise, my original order did not impose any costs of duplication. Although both of these expenditures are obviously legitimate charges in connection with the litigation, I will not include them as sanctions against plaintiffs' counsel in view of the language of my prior order.

Plaintiffs' counsel have submitted other objections to the imposition of the legal fees and costs which are patently frivolous or merely a restatement of issues previously ruled upon by the court about which plaintiffs' counsel never sought reconsideration.

Plaintiffs' argument that the awarding of sanctions would defeat Congressional intent as set forth in § 4 of the Clayton Act is completely illogical. The sanctions here imposed are as a result of the conduct of plaintiffs' counsel during the discovery phase of this action and have nothing to do with the merits of any claims under the Clayton Act.

Plaintiffs' counsel also argue that all of the boroughs have now designated F. Lee Mangan as their witness and accepted his initial deposition testimony as binding on them, a position which they did not previously take.  At the time of Mangan's deposition he was specifically speaking only on behalf of the Borough of Lansdale so that defendants' counsel did not interrogate him with reference to any of the other boroughs.  Plaintiffs' counsel's contention that Mangan's initial deposition should now be sufficient on behalf of all of the boroughs is frivolous.

Likewise, plaintiffs contend that because they have now filed amended answers to two sets of interrogatories on behalf of all of the boroughs, no additional depositions were needed.  The court is unaware of any requirement that once a witness has filed answers to interrogatories the deposition of the witness cannot be taken.  Plaintiffs' counsel have pointed to no such authority and their position is completely contrary to the accepted practices in all litigation of which the court is aware over the past forty-four years.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOROUGH OF LANSDALE, PENNSYLVANIA, ET AL. | : CIVIL ACTION<br>:<br>: |
| vs. | :<br>: |
| PP&L, INC., ET AL. | : NO. 02-8012 |

O R D E R

**AND NOW**, this _____ day of July, 2005, pursuant to the order issued by this court on December 17, 2004, which granted in part defendants' motion for Rule 37 sanctions and upon consideration of plaintiffs' objections to defendants' legal fees and costs, defendants' response thereto and all of the other declarations and documents submitted by counsel with reference to the legal fees and costs, **IT IS HEREBY ORDERED** that plaintiffs' counsel shall pay the law firm of Covington & Burling the sum of $37,429.20 within sixty days of the date of this order.


       s/William H. Yohn, Jr.
       William H. Yohn, Jr., Judge